# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2015

Lyle W. Cayce
Clerk

No. 14-20506

KELSEY-SEYBOLD MEDICAL GROUP PA, doing business as Kelsey-Seybold Clinic,

　　　　Plaintiff–Appellant,

v.

GREAT-WEST HEALTHCARE OF TEXAS, INCORPORATED,

　　　　Defendant–Appellee.

Appeals from the United States District Court
For the Southern District of Texas
USDC No. 4:07-CV-640

Before KING, SMITH, and ELROD, Circuit Judges.

PER CURIAM:*

Kelsey-Seybold Medical Group PA (Kelsey) sued Great-West Healthcare of Texas, Inc., (Great-West) in Texas state court, alleging that Great-West had not paid the contractually required rate for medical services that Kelsey had provided to members of Great-West-affiliated healthcare plans. Great-West removed the case to federal court on the ground that Kelsey's claims were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

completely preempted by the Employee Retirement Income Security Act (ERISA).[1]  Kelsey moved to remand on the basis that its claims were not completely preempted and, therefore, the district court lacked subject matter jurisdiction.  The district court declared the claims preempted and entered a take-nothing judgment in favor of Great-West.

To determine whether a claim is completely preempted by ERISA, we apply the two-part test set forth in *Aetna Health Inc. v. Davila*: a claim is completely preempted if (1) the claimant "could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions."  542 U.S. 200, 210 (2004).  In *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525 (5th Cir. 2009), we held that "[a] claim that implicates the *rate* of payment as set out in the Provider Agreement, rather than the *right* to payment under the terms of the benefit plan, does not run afoul of *Davila* and is not preempted by ERISA."  *Id.* at 530.  This is because a dispute concerning only the contractual rate of payment is a breach-of-contract claim, not an ERISA claim.  Thus, where a "partial payment . . . resulted from a denial of benefits under the plan, the claim may be preempted," *id.* at 533, but "where claims do not involve coverage determinations, but have already been deemed 'payable,' and the only remaining issue is whether they were paid at the proper contractual rate, ERISA preemption does not apply," *id.* at 532.

Great-West bears the burden of showing that removal was proper and establishing federal jurisdiction.  Great-West has not satisfied its burden, as it has not identified any claims that "implicate coverage determinations under

---

[1] "Complete preemption converts a state law civil complaint alleging a cause of action that falls within ERISA's enforcement provisions into 'one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

the terms of the relevant plan." *Id.* at 533.  Great-West contends that "about 98% of Kelsey's claims are claims for ERISA plan benefits," but that fact is irrelevant; the question is not whether plaintiff's claims relate to benefits under ERISA plans, but rather whether adjudication of those claims requires an interpretation of an ERISA plan.  Great-West has not shown that any of Kelsey's claims concern "the *right* to payment under the terms of the benefit plan," as opposed to "the *rate* of payment as set out" in the parties' contractual agreement.  *Lone Star*, 579 F.3d at 533.  Thus, Great-West has not satisfied its burden to establish federal jurisdiction.

We REVERSE the judgment of the district court and REMAND, with instructions for the district court to remand the case to state court.  Given that this case is more than eight years old, we expect the district court to remand the case promptly.